**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOHN W. MCCLAUGHERTY,

                Plaintiff,

v.                                            CIVIL ACTION NO. 2:09-cv-01292

UNUM LIFE INSURANCE COMPANY
OF AMERICA, et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendants Unum Life Insurance Company of America's and Unum Group's (collectively, "Unum") Motion for Summary Judgment [Docket 15] and the plaintiff John W. McClaugherty's Cross Motion for Summary Judgment [Docket 17]. For the reasons explained below, both motions are **DENIED**, the determination of the plan administrator is **VACATED**, and this action is **REMANDED** to the plan administrator, Unum, with instructions.

**I. Background**

        A. *McClaugherty's Claim History*

Prior to September 2006, McClaugherty worked for beBetter Networks, Inc., which was the policyholder of a Group Insurance Policy (the "Plan") issued by Unum. On September 15, 2006, McClaugherty resigned and filed a claim for benefits. He entered The Meadows treatment center for substance and gambling addiction treatment on September 19, 2006. On September 28, 2006, Unum denied McClaugherty's claim, stating:

>Based on information provided by your employer, your employment was terminated on September 15, 2006 and your disability began on September 19, 2006. Since your disability began after your termination date, you are not eligible for Short Term Disability benefits.

(Administrative R. [Docket 12] 41.)[1]

On December 1, 2006, McClaugherty contested Unum's denial of benefits. To support his claim that he was disabled prior to his employment termination, he submitted additional medical documentation: a letter from Dr. Sidhu, a psychiatrist at The Meadows, opining that McClaugherty was disabled "at least 2 to 3 weeks" prior to his admission to The Meadows, and a letter from clinical psychologist Dr. Bennett, dated November 28, 2006, reporting McClaugherty's "problems functioning at work due to . . . alcohol consumption" in February 2006. (*Id.* at 75-76.) Unum declined to reverse its decision.

McClaugherty requested appellate review under the Plan. He submitted a letter from Dr. Thistlethwaite, dated December 14, 2006, diagnosing McClaugherty with Bipolar Affective Disorder, "with a history of significant symptoms dating back greater than 20 years." (*Id.* at 98.) Dr. Thistlethwaite opined that McClaugherty is currently incapable of gainful employment and has struggled to sustain employment in the past. (*Id.*) Unum also obtained McClaugherty's discharge summary from The Meadows; an "Addiction Severity Index Narrative Report" from Dr. Dean based on an interview on October 31, 2006; and notes from McClaugherty's participation, from October 31, 2006 to December 12, 2006, in an Intensive Outpatient Program run by Dr. Dean. (*Id.* at 128-38, 221-36.)

---

[1] Unless otherwise noted, the Administrative Record page numbers are preceded by "STDR0000," which I have omitted from my citations in this Order.

By letter dated March 6, 2007, Unum upheld its earlier denial of McClaugherty's claim. (*Id.* at 250-52.) Unum wrote to McClaugherty that "[b]ased on the information in your file, you were not seen by a medical or behavioral health provider for your behavioral health condition just prior to the date you resigned"; it concluded that "there is no indication that a medical or behavioral health provider recommended to you just prior to September 15, 2006, that you should no longer work due to your behavioral health condition." (*Id.* at 251.)

McClaugherty filed suit challenging the denial of benefits. On May 21, 2008, this court denied Unum's motion for summary judgment, granted in part and denied in part McClaugherty's cross-motion, and remanded the dispute to Unum "for a determination of . . . whether the plaintiff met the plan definition of disability as of the date of his resignation, September 15, 2006." *McClaugherty v. Unum Life Ins. Co. of Am.*, No. 2:07-cv-00296 (S.D. W. Va. 2008).

During its review, Unum obtained psychotherapy notes from Dr. Thistlethwaite from December 12, 2006; January 4 and 29, 2007; and May 15, 2007 (Administrative R. 462-68.) It also obtained a letter from Dr. Lochridge dated November 11, 2008, concurring in "previous diagnosis of bipolar disorder, manic type, and alcohol dependence." (*Id.* at 480.)

Dr. Zimmerman, an in-house medical consultant at Unum, reviewed the record. She reported that she had previously indicated that treatment records from Core Gambling Treatment Center were needed to understand McClaugherty's medical condition after his discharge from The Meadows, but that she had later been advised that McClaugherty never attended the Core Gambling Center. (*Id.* at 572.) She wrote, "The available medical evidence indicated the claimant was not seen for recommended aftercare of any type until he saw Dr. Thistlethwaite on 12/12/06 – about 7 weeks after his discharge from the Meadows." (*Id.*) Dr. Zimmerman observed that the "frequency and

intensity" of McClaugherty's psychiatric treatment were "far below regular appropriate care expected for a serious psychiatric condition rising to the level of global impairment." (*Id.*)  She stated that the available medical evidence supported a finding of restrictions and limitations from the date of disability in September 2006 through the date of discharge from The Meadows.  (*Id.*)

By letter dated February 10, 2009, Unum informed McClaugherty's attorney that it had completed its appellate review.  It determined that McClaugherty "was functionally impaired due to his behavioral health condition from September 15, 2006 through October 24, 2006, and is entitled to Short Term Disability benefits for that period." (*Id.* at 579.)  On February 19, 2009, the court dismissed the case.

McClaugherty's lawyer subsequently submitted a letter to Unum "to protest and to appeal" its decision to grant McClaugherty only thirty-nine days of disability.  (*Id.* at 626.)  A letter dated July 30, 2009, from Dr. Lochridge, was attached.  (*Id.* at 627-28.)  Dr. Lochridge reported that he had been "following [McClaugherty] on an intermittent basis from 4/13/2007 to the present," and opined that "[i]n principal, it is absurd to think that if the multiple sequelae and symptoms of addiction and depression were severe enough to qualify as disabling for someone, that these conditions would be 'cured' in just 39 days of rehabilitation at a treatment center, no matter how good the treatment." (*Id.* at 627.)  Dr. Lochridge was "baffled" by Unum's decision, and stated that McClaugherty "clearly has been and continues to be as disabled now as he was before he stopped working and immediately after being discharged from The Meadows." (*Id.* at 628.)

B.  *The Instant Suit*

The instant case was filed on December 2, 2009.  McClaugherty alleges that "[t]he decision of [Unum] to terminate Plaintiff's benefits after only 39 days violates the Policy, Defendants'

'higher-than-marketplace' duty to Plaintiff under ERISA and the regulations and case law interpreting ERISA, . . ., and was the product of [Unum's] conflict of interest." (Compl. [Docket 1] ¶ 11.)

The parties have filed cross-motions for summary judgment. Unum defended Dr. Zimmerman's assessment of functional impairment from September 15, 2006 through October 24, 2006. Unum argued that McClaugherty was abstinent from alcohol and cocaine as of his discharge from The Meadows, and had "no need for psychological or emotional treatment at th[at] time." (Defs.' Mem. Supp. Summ. J. [Docket 16] 15 (quoting Dr. Dean's report, Administrative R. 225).) Unum further argues that McClaugherty's subsequent treatment—and his treatment record before admission to The Meadows—was less often than would be expected for a functionally disabled claimant. Moreover, Unum asserts that it has no responsibility to further review its latest decision in response to McClaugherty's late submission of Dr. Lochridge's July 30, 2009 letter. (*Id.* at 16-17.)

McClaugherty argues that Dr. Zimmerman overlooked McClaugherty's intensive outpatient therapy treatment with Dr. Dean, from October 31, 2006, through December 5, 2006, and wrongfully downplayed his later treatment with Dr. Lochridge. (Pl.'s Mem. Supp. Cross-Mot. Summ. J. [Docket 19] 3, 5.) McClaugherty asserts that his ongoing disability is supported by the reports of Dr. Sidhu, Dr. Dean, Dr. Thistlethwaite, and Dr. Lochridge, while Unum's conclusion that McClaugherty is not disabled, in contrast, was based only on the report of a reviewing psychiatrist who never saw McClaugherty. (*Id.* at 12.)

Unum now concedes that it may have overlooked McClaugherty's treatment records from Dr. Dean.[2]  Unum represents that Dr. Zimmerman "will be asked to advise whether and to what extent those [records] change her opinion about the period of McClaugherty's disability."  (Defs.' Resp. Opp'n. Pl.'s Mot. Summ. J [Docket 20] 7.)  Although Unum continues to hold, contrary to McClaugherty, that "[t]he records from Dr. Lochridge do not support a continuation of benefits while McClaugherty was under his care" and that Dr. Thistlethwaite's report does not support an award of benefits based on a diagnosis of biopolar disorder (*id.* at 9-10), it now admits that its review may have overlooked McClaugherty's outpatient treatment records immediately following his discharge from The Meadows.  But Unum stresses:  "Should Dr. Zimmerman conclude that the [outpatient treatment] notes support a determination of benefit entitlement beyond October 24, 2006, that additional entitlement could, at the most, extend only until December 7, 2006, just over six weeks."  (Defs.' Reply Mem. Supp. Defs.' Mot. Summ. J. [Docket 22] 5.)

## II.  Standard of Review

The claimant bears the burden of demonstrating his entitlement to benefits under the Plan. *See, e.g.*, *Donnell v. Metro. Life Ins. Co.*, 2006 WL 297314, *4 n.9 (4th Cir. Feb. 8, 2006) (unpublished).  And "[w]hen, as here, an ERISA benefit plan vests with the plan administrator the discretionary authority to make eligibility determinations for beneficiaries, a reviewing court evaluates the plan administrator's decision for abuse of discretion." *Williams v. Metro. Life Ins. Co.*, No. 5:07-cv-00074-D, 2010 WL 2599676, *4 (4th Cir. June 30, 2010).

---

[2] Unum argues that McClaugherty wrongfully accuses it of overlooking records from Core Gambling Treatment Center, when "McClaugherty did *not* undergo treatment at Core Gambling Treatment Center, or CORE, but at a separate albeit related program, Louisiana Association on Compulsive Gambling Intensive Outpatient Program ('LACG IOP')."  (Defs.' Resp. Opp'n Pl.'s Mot. Summ. J. [Docket 20] 2.)  The parties continue to disagree about how this program has been represented and how to allocate blame for Unum's admitted possible oversight.

Under this standard, a benefits decision will not be disturbed if it is reasonable, even if the reviewing court would have come to a different conclusion. *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 341 (4th Cir. 2000). "[A] decision is reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228, 232 (4th Cir. 1997) (internal quotation marks omitted). Where a plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, however, "a conflict should 'be weighed as a factor in determining whether there [has been] an abuse of discretion.'" *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).

## III. Analysis

Remand is appropriate "where the plan itself commits the trustees to consider relevant information which they failed to consider." *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1008 (4th Cir.1985). "To review *de novo* all the evidence trustees *might* have considered is to transfer the administration of benefit and pension plans from their designated fiduciaries to the federal bench. Such substitution of authority is plainly what the formulated standards in this field are intended to prevent." *Id.* at 1007. "In cases where there is a procedural ERISA violation, we have recognized the appropriate remedy is to remand the matter to the plan administrator so that a 'full and fair review' can be accomplished." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008).

McClaugherty's outpatient treatment records from Dr. Dean were in the administrative record, yet Dr. Zimmerman's review does not explicitly address these records, and instead discusses the lack of treatment records from that time. A more careful consideration of these records by Dr.

Zimmerman could conceivably affect her conclusions regarding McClaugherty's disability claim. Unum has admitted that it may have overlooked these records, and vows to reconsider them. Under these circumstances, Unum has not conducted a "full and fair review." 29 U.S.C. § 1133(2). I cannot review the substantive reasonableness of Unum's determination of benefits, under the abuse-of-discretion standard discussed above, when Unum's own determination remains inconclusive. Unum itself must review the record and reconsider its conclusions. "[A]dministrative responsibility" should rest "with those whose experience is daily and continual, not with judges whose exposure is episodic and occasional." *Berry*, 761 F.2d at 1006.

## IV. Conclusion

Because Unum failed to consider evidence that it should have considered, remand is appropriate. Thus, Unum's determination is **VACATED**, and the matter is **REMANDED** to Unum for its reevaluation. Unum is instructed to explicitly consider Dr. Dean's outpatient treatment records.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 14, 2010

Joseph R. Goodwin, Chief Judge